**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RYAN MICHAEL TAYLOR, individually )
and on behalf of all others similarly )
situated, )
                                          )    **CIVIL ACTION**
                **Plaintiff,**        )    **NO:**_____
                                            )
   **v.**                                        )
                                            )
BOOM PAY, INC.,                 )
                                            )
               **Defendant.**

## CLASS ACTION COMPLAINT

Plaintiff **RYAN MICHAEL TAYLOR**, individually and on behalf of all others similarly

situated, files this Class Action Complaint and states as follows:

## NATURE OF THE ACTION

1.      This is a consumer class action brought pursuant to the Fair Credit Reporting Act,

15 U.S.C. §§ 1681-1681x ("FCRA") and common law, by Plaintiff, seeking relief for Defendant's

widespread violations thereof for himself and all others similarly situated. The FCRA imposes on

reporting agencies that use a consumer's public records for a background check several important

requirements designed to protect consumers like Plaintiff.  Congress passed the FCRA to protect

consumers from the harm caused by inaccurate reporting. 15 U.S.C. § 1681(a)-(b) (Congressional

statement of purpose). To this end, the FCRA requires that all consumer reporting agencies (CRAs)

that report criminal background information to landlords use "reasonable procedures to ensure

maximum possible accuracy of the information concerning the individual about whom the report

relates."  15 U.S.C. § 1681e(b).

1

2.      Defendant systematically violates the FCRA by furnishing consumer reports to third parties which misattribute derogatory and defamatory information regarding sex offender registry records pertaining to other individuals on the consumer reports of consumer applying to rent housing, even though the consumer has no such record.

3.      Defendant's unlawful conduct as described above constitutes a violation of the Fair Credit Reporting Act.

4.      Defendant's practices harm consumers seeking residential leases by prejudicing their prospective landlords with inaccurate and/or irrelevant adverse information.

## JURISDICTION AND VENUE

5.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

6.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as Defendant regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

## PARTIES

7.      Mr. Taylor is a natural person, a resident of Pennsylvania, and a "consumer" as protected and governed by the FCRA.

8.      Defendant Boom Pay, Inc. ("Boom") is a for-profit corporation that conducts business throughout the United States and that has its principal place of business located at 1401 Lavaca St., #1036, Austin, TX 78701.

9.      At all relevant times hereto, Defendant has been a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS**

*Defendant's Practices For Preparing Consumer Reports*

10.    Congress passed the FCRA to protect consumers from the harm caused by the inaccurate information on consumer reports.  To this end, the FCRA requires that all consumer reporting agencies (CRAs) that report criminal background information to use "reasonable procedures to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

11.    Defendant Boom's primary business operations include preparing and selling "BoomScreen" reports for tenant screening purposes, and holds itself out as an FCRA-regulated CRA. *See* https://www.boompay.app/boomscreen.

12.    Defendant prepares BoomScreen reports about consumers by gathering credit data, criminal record information, and other information from a variety of sources and assembling them into a single report about an individual who has applied to rent a home based upon standardized matching procedures.

13.    The data and reports Defendant sells are used and expected to be used for multiple purposes governed by FCRA section 1681b and the information included in them bears on the credit history, credit worthiness, reputation, personal characteristics, and mode of living of each respective consumer.  Thus, the reports that Defendants sell about thousands of consumers each year are "consumer reports."  See 15 U.S.C. § 1681a(d).

14.    Defendant systematically violates the FCRA by furnishing criminal record information data including sex offender registry records, all of which constitute consumer reports, to third parties.  Specifically, due to faulty matching criteria, Defendant attributes the records of other individuals on consumers' reports.

15. Defendant regularly attributes criminal record information including sex offender registry records for which there are one or more conflicting personal identifiers between the individual who is the subject of the report and the sex offender or other criminal.

16. Furthermore, Defendant regularly includes criminal record information including sex offender registry records on consumer reports even where the publicly available record demonstrates that the sex offender or criminal is incarcerated at the time of the report, a clear sign that the report does not pertain to an individual who is actively applying for rental housing.

17. Defendant's practices violate the FCRA as a matter of law and exact serious consequences on rental housing applicants and interstate commerce when Defendants report criminal record information including sex offender registry records which do not pertain to the individual who is the subject of the report.  Consumers who are the subject of reports containing such information are defamed and prejudiced in their ability to obtain leased housing.

18. Defendant's practices as described above are uniform and not unique to each consumer or transaction.

19. Defendant's practices for reporting criminal record information including sex offender registry records and is not accidental, but instead are the result of deliberately designed policies and procedures.

20. At all relevant times, Defendant's conduct, as well as that of its agents, servants, and/or employees who were acting within the course and scope of their agency or employment and under the direct supervision and control of Defendant, was intentional, willful, reckless, and in grossly negligent disregard for the rights of consumers, including Plaintiff.

*Mr. Taylor's Experience*

21.     On or about April 1, 2026, Plaintiff applied to rent a home at 61 E Ashland St, Doylestown, PA 18901, from Keyrenter BuxMont Property Management (hereafter, "Key").

22.     In conjunction with his application, Key purchased a BoomScreen report on Mr. Taylor through the for the purpose of evaluating his eligibility to rent the home.

23.     To run the consumer report, Key provided to Boom Mr. Taylor's first, middle, and last names, his date of birth, his address (including state of residence), and other personal-identifying information.

24.     On or about April 1, 2026, Boom furnished a consumer report on Mr. Taylor to Key (the "BoomScreen Report").

25.     The BoomScreen Report contained inaccurate public record information Defendant obtained and placed on the report pursuant to its standardized procedures.

26.     Specifically, under the heading "National criminal records search" the BoomScreen Report included two sex offender registry records which do not pertain to Plaintiff, as follows:

First name: **RYAN**
Last name: **TAYLOR**
Middle name: --

**Convicted**

| | | | |
|---|---|---|---|
| POSSESSION OF CHILD PORNOGRAPHY Oct 4, 2020 OFFENDER TYPE- TIER 1 | | Sex Offense | Sexual Acts With Minors |

**Convicted**

| | | | |
|---|---|---|---|
| SEXUAL ABUSE OF CHILDREN OFFENDER TYPE- TIER 1 | Jan 21, 2021 | Sex Offense | Sexual Acts With Minors |

27.     These records are inaccurate and grossly defamatory, as Mr. Taylor is not a registered sex offender and has no criminal record at all.

28. The full publicly available sex offender registry records make clear that the registered sex offender at issue has the middle name "Martin," while Plaintiff's middle name as shown on his application is "Michael."

29. Furthermore, the publicly available sex offender registry records demonstrate that beginning in 2022 and at least until April 8, 2026, the registered sex offender at issue was incarcerated, and had the address "York County Prison."

30. Defendant disregarding this conflicting information which put it on notice that the sex offender referenced in the records was not the same person as Mr. Taylor who was applying to rent a home. The mere fact that Plaintiff was not incarcerated alone should have been enough alone for Defendant to know not to report such defamatory information.

31. On or about April 2, 2026, Key informed Plaintiff that his application for the rental property had been declined based on the sex offender records contained in the BoomScreen Report.

32. Knowing that he had no criminal history, Plaintiff asked Key to send him the report.

33. Rather than sending him the complete report, Key sent him a report that included only the criminal history portion of the background check.

34. When Mr. Taylor received the report, he was shocked and horrified.

35. Thereafter, Mr. Taylor went to the York County, Pennsylvania court to obtain a report confirming that he had no criminal record in York County and provided the report to Key.

36. When Key received the information from Plaintiff, it informed him that the rental property was no longer available.

37. As a result of Defendant's conduct, Plaintiff and other consumers have suffered harm in the forms of defamation, reputational harm, denials of housing and/or credit, and emotional distress (including humiliation and embarrassment).

38.    At all times pertinent hereto, Defendant's conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard of consumers' right as set forth under section 1681e(b) of the FCRA, and further assumed an unjustifiable risk of harm.

## CLASS ACTION ALLEGATIONS

39.    Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following Class:

> All persons residing in the United States (including all Territories and other political subdivisions of the United States) about whom, (i) beginning five years prior to the filing of this Complaint and continuing through the conclusion of this action, (ii) were the subject of a consumer report furnished by Boom to one or more third parties; (iii) in which Boom reported that it found a record in its National criminal records search; and (iv) the person had no such criminal records.

40.    Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

41.    **Numerosity. FED. R. CIV. P. 23(a)(1).**  The Class members are so numerous that joinder of all is impractical.  Upon information and belief, Boom furnished hundreds, if not thousands, of consumer reports on consumers each year in which it inaccurately labeled the consumer as a sex offender, and those persons' names and addresses are identifiable through documents maintained by Boom.

42.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members.  The common legal and factual questions include, among others: (a) whether Boom willfully violated section 1681e(b) of the FCRA.

7

43.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages as Class members, arising out of Boom's common course of conduct.

44.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class.  His interests are aligned with and not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.

45.     **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Boom's conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Boom's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding

**COUNT I – FCRA § 1681e(b)**
**CLASS CLAIM**

46.     Plaintiff realleges all paragraphs as if fully set forth herein.

8

47.    Boom violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports furnished regarding Plaintiff and the Class members.

48.    Boom knew or should have known about its obligations under the FCRA.  These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law.

49.    Boom obtained or had available substantial written materials that apprised it of its duties under the FCRA.

50.    Despite knowing of these legal obligations, Boom acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

51.    Boom's violation of the FCRA was willful, rendering Boom liable pursuant to 15 U.S.C. § 1681n.  In the alternative, CLEARA was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

## COUNT II - Defamation
### INDIVIDUAL CLAIM

52.    Plaintiff re-alleges all paragraphs as if fully set forth herein.

53.    In 2006 Congress enacted the Adam Walsh Child Protection and Child Safety Act, which established a uniform and comprehensive sex offender registration database.  34 U.S.C. § 20901, et seq.

54.    The purpose of the database is to "protect the public from sex offender, and offenders against children, and in response to the vicious attacks by violent predators…"  Id.

55.    A person who appears in the sex offender database is by definition, "an individual who was convicted of a sex crime."  34 U.S.C. § 20911(1) (defining the term "Sex Offender").

56. Boom reported in writing to a third party, Key, that Mr. Taylor is a registered sex offender.

57. Boom's defamatory statement falsely accused Mr. Taylor of a crime and of being engaged in sexual misconduct.

58. Boom's written statement to Key regarding Mr. Taylor being a registered sex offender was false and defamatory.

59. Boom's statement that Mr. Taylor was a sex offender was made with malice or willful intent.  It knew that its statement was false or acted with reckless disregard of the statement's truth or falsity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

b. An award of actual, statutory and punitive damages for Plaintiff and the Class;

c. An award of pre-judgment and post-judgment interest as provided by law;

d. An award of attorneys' fees and litigation costs; and

e. Such other relief as the Court deems just and proper

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFF hereby demands a jury trial on all claims for which he has a right to a jury.

DATED: April 9th, 2026

By: */s/ James A. Francis*

 James A. Francis
**FRANCIS MAILMAN SOUMILAS, P.C.**
James A. Francis
Lauren KW Brennan
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
Email: jfrancis@consumerlawfirm.com
lbrennan@consumerlawfirm.com

Robert P. Cocco
ROBERT P. COCCO, P.C.
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
bob.cocco@phillyconsumerlaw.com

COUNSEL FOR PLAINTIFF

11